UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
HARLYN GERONIMO, et al.,        )
                               )
          Plaintiffs,           )
                               )
     v.                         )     Civil Action No. 09-303 (RWR)
                               )
BARACK HUSSEIN OBAMA, et al.,   )
                               )
          Defendants.           )
_____)
```

MEMORANDUM OPINION

Plaintiffs, a group of twenty descendants of the Native American Geronimo, have sued President Barack Obama, Secretary of Defense Robert Gates, Secretary of the Army Peter Geren, Yale University, and the Order of Skull and Bones under the Native American Graves Protection and Repatriation Act ("NAGPRA"), 25 U.S.C. § 3001 et seq., seeking, among other things, an order under § 3002 requiring the defendants to return Geronimo's remains and pay money damages. President Obama, Gates, and Geren ("federal defendants") have moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. Because plaintiffs fail to establish the necessary express waiver of sovereign immunity by the United States, and because the complaint fails to state a claim, the motion will be granted and the complaint will be dismissed as to all defendants.

-2-

BACKGROUND

The plaintiffs assert that they are lineal descendants of the legendary Apache warrior, Geronimo. (Compl. ¶ 1.) Geronimo surrendered to federal troops in 1886. He was held prisoner in Florida and Alabama, and eventually was transferred to Fort Sill, Oklahoma where he was buried "in the dress of a chief with his possessions" upon his death. (Id. ¶¶ 28-29, 31, 40.) According to the complaint, in 1918 or 1919, a group of Yale University students who were members of the organization named the Order of Skull and Bones opened the tomb of Geronimo and removed his skull, other bones, and items that were buried with Geronimo's body, eventually transporting them to the Order's premises on the Yale campus. (Id. ¶ 43.) The plaintiffs seek an order under 25 U.S.C. § 3002 stating that they are Geronimo's lineal descendants entitled to Geronimo's remains, requiring defendants to surrender any such objects they possess, and awarding money damages to the plaintiffs for wrongful seizure and possession of the remains.[1] (Id. ¶¶ 44-47.)

The federal defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that the federal government has not waived

---

[1] Intervenor-plaintiffs Robert Geronimo and other lineal descendants of Geronimo have intervened to argue that, in accordance with Apache custom, Geronimo's gravesite should not be disturbed. (Intervenor Pls.' Response to Mot. to Dismiss, at 1-2.)

sovereign immunity for cases arising under NAGPRA and the
plaintiffs failed to allege any other waiver of sovereign
immunity.  They also move to dismiss under Rule 12(b)(6) for
failure to state a claim, asserting that § 3002 does not apply to
ownership or control of Native Americans' remains and funerary
objects that were discovered on federal lands before November 16,
1990, and that the plaintiffs fail to allege a discovery after
that date.  (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.'
Mem.") at 1-3, 7, 11, 13.)  The plaintiffs and intervenor-
plaintiffs counter that NAGPRA does contain a waiver of sovereign
immunity, and that construing it to lack a waiver of sovereign
immunity would emasculate NAGPRA.  (Intervenor Pls.' Response to
Mot. to Dismiss at 3-6; Pls.' Opp'n to Mot. to Dismiss ("Pl's
Opp'n") at 6-8.)

                          DISCUSSION

     "In reviewing a motion to dismiss for lack of subject matter
jurisdiction, a court 'accepts as true all of the factual
allegations contained in the complaint[.]'"  Teton Historic
Aviation Found. v. U.S. Dep't of Def., 686 F. Supp. 2d 75, 78
(D.D.C. 2010) (quoting Peter B. v. CIA, 620 F. Supp. 2d 58, 67
(D.D.C. 2009)) (some internal quotations omitted).  "The
plaintiff bears the burden of establishing that the court has
jurisdiction over a claim."  Teton Historic Aviation Foundation,
686 f. supp. 2d at 78.  For a complaint to survive a motion to

-4-

dismiss for failure to state a claim upon which relief can be granted, the "complaint must contain sufficient . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

        "The Federal Government cannot be sued without its consent." United States v. Navajo Nation, 129 S. Ct. 1547, 1551 (2009). Such consent to suit cannot be inferred or "'implied but must be unequivocally expressed.'" Franconia Assocs. v. United States, 536 U.S. 129, 141 (2002) (quoting United States v. King, 395 U.S. 1, 4 (1969)); Strong-Fisher v. Lahood, 611 F. Supp. 2d 49, 53 (D.D.C. 2009). "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver.'" Cartwright Int'l Van Lines, Inc. v. Doan, 525 F. Supp. 2d 187, 194 (D.D.C. 2007) (quoting United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003)). A court lacks subject matter jurisdiction to hear a claim filed against the government that does not fall within the scope of a waiver of sovereign immunity. See P&V Enterprises v. United States Army Corps of Eng'rs, 516 F.3d 1021, 1026-1027 (D.C. Cir. 2008); Ballard v. Holinka, 601 F. Supp. 2d 110, 121

-5-

(D.D.C. 2009) (noting that sovereign immunity is jurisdictional in nature).

NAGPRA, which was enacted in 1990, "safeguards the rights of Native Americans by protecting tribal burial sites and rights to items of cultural significance to Native Americans." Pueblo of San Ildefonso v. Ridlon, 103 F.3d 936, 938 (10th Cir. 1996). "Cultural items protected under NAGPRA include Native American human remains, funerary objects, sacred objects, and objects of cultural patrimony." Id., citing 25 U.S.C. § 3001(3). Plaintiffs bring their complaint under § 3002 (see Am. Compl. ¶ 45), which establishes the priority of ownership of Native American cultural items which are excavated or discovered on federal or tribal lands after November 16, 1990 with the lineal descendants of the decedents, if the lineal decedents can be established.  25 U.S.C. § 3002.  A plaintiff alleging a claim of ownership under 25 U.S.C. § 3002 is entitled to bring an action in the district court to seek "such orders as may be necessary to enforce the provisions of th[e] Act."  25 U.S.C. § 3013. However, while § 3013 expressly provides for a private right of action, NAGPRA does not provide a waiver of sovereign immunity. See Rosales v. United States, No. 07-624, 2007 WL 4233060, at *3 (S.D. Cal. Nov. 28, 2007) (citing San Carlos Apache Tribe v. United States, 272 F. Supp. 2d 860, 886 (D. Ariz. 2003)); see also Monet v. United States, 114 F.3d 1195 (9th Cir. 1997)

-6-

(stating that NAGPRA contains no waiver of sovereign immunity and does not apply to remains excavated or discovered before November 16, 1990).  As the complaint is pled, it establishes no subject matter jurisdiction over plaintiffs' claim against the federal defendants.

The waiver of sovereign immunity applicable to a claim under NAGPRA is the waiver found within the Administrative Procedure Act ("APA"), 5 U.S.C § 702.[2]  See Rosales, 2007 WL 4233060, at *3.  "[T]he APA contains a limited waiver of sovereign immunity." Teton Historic Aviation Found., 686 F. Supp. 2d at 78; see also 5 U.S.C. § 702.  Specifically, the APA provides that "action[s] seeking relief other than money damages and stating a claim that an agency or an officer or an employee thereof acted or failed to act in an official capacity [can]not be dismissed nor relief therein denied on the ground that it is against the United States."[3]  5 U.S.C. § 702.  As a result, for a claim to arise

_____

[2] The case cited by intervenor plaintiffs, Bonnichsen v. United States, 969 F. Supp. 614, 627 (D. Or. 1997), is not to the contrary.  While that court noted in a footnote that "an argument can be made in favor" of the proposition that NAGPRA contains a waiver of sovereign immunity, what the court found was that the plaintiffs could proceed under the waiver of sovereign immunity found in the APA.  Bonnichsen, 969 F. Supp. at 627 n.17.

[3] The APA's waiver of sovereign immunity does not apply to actions seeking money damages.  See Benoit v. United States Dep't of Agric., 608 F.3d 17, 19 (D.C. Cir. 2010) (holding that suits for money damages are not within the limited waiver of sovereign immunity found in the APA).  The plaintiffs' claim seeking money damages from all defendants, which does not allege that the claim is being brought under the Federal Tort Claims Act ("FTCA"), 28

-7-

under the APA, an individual must allege action on the part of an agency, <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 882 (1990), and must not seek money damages.  <u>Teton Historic Aviation Foundation</u>, 686 F. Supp. 2d at 79.

In <u>Rosales</u>, the court dismissed a complaint alleging an APA violation involving NAGPRA where the plaintiffs did not allege that a final agency action had occurred.  <u>See</u> <u>Rosales</u>, 2010 WL 4233060, at *3-4, 10.  In that case, the plaintiffs filed suit attempting to enjoin construction projects scheduled to occur on land that they asserted was federally owned due to a ceding of the land to the government by a tribe.  <u>Id.</u> at *1.  The court noted that the plaintiffs "fail[ed] to identify discrete agency inaction in violation of a nondiscretionary duty."  <u>Id.</u> at 10.

The plaintiffs' complaint in this case is similarly deficient.  It cites no agency action, inaction or involvement at

---

U.S.C. 1346(b)(1), would fall outside of the bounds of an APA waiver of sovereign immunity for the federal defendants.  Even if the plaintiffs had invoked the FTCA, an FTCA claim cannot be brought "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  The plaintiffs have made no showing or allegation that they have presented any claim associated with the allegations contained in their complaint to any agency.  <u>See</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) (affirming dismissal for lack of subject matter jurisdiction where the petitioner filed his FTCA suit before presenting his claim to the appropriate federal agency); <u>Upshaw v. United States</u>, 669 F. Supp. 2d 32, 45 (D.D.C. 2009) (dismissing for lack of subject matter jurisdiction where plaintiff failed to plead that he presented his claim to the appropriate federal agency).

-8-

all.  As a result, plaintiffs have not pled the agency action
needed for the APA's waiver of sovereign immunity to apply as a
cure to the defect in subject matter jurisdiction.  Even if the
complaint were to be read to allege a claim under the APA -- a
statute the complaint nowhere invokes -- the complaint would have
to be dismissed for failure to state a claim.  See Smith v.
Harvey, 541 F. Supp. 2d 8, 13 n.4 (D.D.C. 2008) (holding that the
plaintiff failed to state an actionable claim under the APA where
the plaintiff acknowledged that no final agency action had
occurred).

In any event, the complaint does fail to state a claim
because it alleges no discoveries after November 16, 1990, the
only discoveries to which § 3002 applies.  The only alleged
discovery or wrongful removal described by the complaint occurred
in or around 1918.[4]  (See Compl. ¶ 43.)  Because the complaint

_____

[4] To the extent the plaintiffs seek to require the federal
defendants to excavate Geronimo's possible burial sites (see
Compl. ¶ 1), they cite to no provision of NAGPRA that requires a
federal agency to engage in an intentional excavation of possible
burial sites.  The plaintiffs refer to 25 U.S.C. § 3003, which
required federal agencies and museums to create inventories of
"holdings or collections of Native American human remains and
associated funerary objects."  However, the plaintiffs do not
point to any authority interpreting this or any other section of
NAGPRA as requiring an intentional excavation.  Cf. Hawk v.
Danforth, No. 06-C-223, 2006 U.S. Dist. LEXIS 58104, at *1, 4
(E.D. Wisc. Aug. 17, 2006) (granting motion to dismiss where
plaintiff sought intentional excavation of possible burial sites
under a parking lot, because "[s]imply put, no provision in
[NAGPRA] requires a Tribe or anyone else to excavate an area in
order to find remains or other artifacts").

-9-

does not set forth facts supporting an actionable claim, it will be dismissed as to the non-federal defendants as well.  See, e.g., School for Arts in Learning Public Charter School v. Barrie, Civil Action No. 09-2357 (RWR), 2010 WL 2838533, at *4 (D.D.C. July 20, 2010) (dismissing complaint as to both moving defendant and non-moving defendant where the complaint failed to set forth facts supporting an actionable claim); Barnes v. Dist. of Columbia, Civil Action No. 03-2547 (RWR), 2005 WL 1241132, at *3 (D.D.C. May 24, 2005) (granting dismissal for non-movant where basis for movant's dismissal applied to non-movant).

## CONCLUSION

Because they have failed to establish that the United States waived its sovereign immunity, the plaintiffs have failed to establish the court's subject matter jurisdiction over this complaint, and the federal defendants' motion to dismiss will be granted.  Because the complaint fails to allege facts that support a cause of action, the complaint will be dismissed as to the non-moving defendants as well.  An appropriate order accompanies this memorandum opinion.

SIGNED this 27th day of July, 2010.

```
_____/s/_____
RICHARD W. ROBERTS
United States District Judge
```